IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BOONE MCREYNOLDS & VIOLA MCREYNOLDS ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No: 1:06-cv-00924 (JR) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that, beginning with tax year 1998, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek damages for alleged wrongful collection.

QUESTIONS PRESENTED

Plaintiffs' complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiffs. The complaint fails to allege that plaintiffs filed claims for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiffs, Boone & Viola McReynolds, filed this complaint on May 15, 2006. The complaint alleges that in connection with the collection of federal tax "beginning with 'tax year' 1998," agents and employees of the Internal Revenue Service "willfully, recklessly, intentionally, or by reason of negligence

disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶ 29.)1/

2.  Relief sought in the complaint.  The complaint seeks damages under 26 U.S.C. § 7433 for allegedly wrongful collection of taxes, other and further damages, and an order to the Internal Revenue Service to "amend the reprehensible, egregious, and vexatious behavior of defendants' principals officers, agents, and/or employees." (Compl. ¶ 30 A-C).2/

ARGUMENT

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFFS' DAMAGES CLAIM, DUE TO PLAINTIFFS' FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. at ¶29.)  This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General*

---

1/  Plaintiffs' case is one of approximately 90 known cases filed in this Court with similar complaints.  Plaintiffs also filed four addenda to their complaint.  The first raised the failure to exhaust remedies, which this motion fully explains.  The other three addenda make the same claim, but plaintiffs have attached to each addendum various correspondence from the Internal Revenue Service to plaintiffs.

2/  Plaintiffs appear to be seeking declaratory relief.  (*See* Compl. ¶ 29.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

*Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any

damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Glass v. United States*, 424 F.Supp.2d 224 (D.D.C. 2006); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations.  Therefore, plaintiffs have not met their burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.3/

---

3/     The United States is aware that the court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim.  For the reasons stated above, the United States continues to assert that the exhaustion requirement is, in fact, jurisdictional.  Specifically, the decision in *Turner* relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit.  Neither of the private litigants had any attributes of sovereign immunity.  Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by

CONCLUSION

Because plaintiffs failed to exhaust their administrative remedies, this Court lacks jurisdiction over their complaint, which should be dismissed.

DATE: July 24, 2006.

                Respectfully submitted,

                /s/ Pat S. Genis
                PAT S. GENIS, #446244
                Trial Attorney, Tax Division
                U.S. Department of Justice
                Post Office Box 227
                Washington, DC  20044
                Telephone/FAX:  (202) 307-6390/614-6866

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

---

definition a part of the "court's jurisdiction to entertain the suit." Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction.  In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States.  Accordingly, the United States asks for dismissal on jurisdictional grounds.

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS was caused to be served upon plaintiffs *pro se* on July 24, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Boone McReynolds
>Viola McReynolds
>Plaintiffs *pro se*
>246 E. Wiggins Bay
>Pueblo West, CO 81007

　　　　　　　　　　　　　　　　　　　　/s/ Pat S. Genis
　　　　　　　　　　　　　　　　　　　　PAT S. GENIS, #446244