IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BOONE McREYNOLDS & | ) | |
| VIOLA McREYNOLDS, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:06-cv-00924 (JR) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b),

to dismiss plaintiffs' amended complaint.

As grounds for this motion, the United States submits that the Court lacks

subject matter jurisdiction over the amended complaint.

A memorandum of points and authorities  in support of this motion and a

proposed order are submitted herewith.

DATE: October 20 2006.          Respectfully submitted,

/s/ Pat S Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6390/514-6866
Email: Pat.Genis@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

1982095.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BOONE McREYNOLDS & | ) | |
| VIOLA McREYNOLDS, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:06-cv-00924 (JR) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS AMENDED COMPLAINT**

This is a civil action in which plaintiffs seek damages for alleged "wrongful collection" of federal taxes.  Plaintiffs also seek "replevin of any and all property" and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."

QUESTION PRESENTED

Plaintiffs' complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiffs.  Plaintiffs failed to establish that they properly exhausted administrative remedies.  Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiffs, Boone & Viola McReynolds, filed a complaint on May 15, 2006, seeking damages for alleged wrongful collection.  (PACER #1.)  Plaintiffs' complaint alleged that they were not required to file an administrative

claim because they fell within an exception to the exhaustion requirement.  After filing

nine addenda to the complaint, plaintiffs subsequently filed an amended complaint on

September 12, 2006.

    2.  <u>Relief sought in the amended complaint</u>.  Plaintiffs allege that agents and

employees of the Internal Revenue Service disregarded a laundry list of statutes from

the Internal Revenue Code.  (Am. Compl. Counts 1-41.)  Plaintiffs seek damages in the

amount of "$10,000 per disregard."  (Am. Compl. Prayer for Relief at 1.)  Plaintiffs also

seek "replevin of any and all property" <u>1</u>/ and an injunction preventing United States

---

    <u>1</u>/ Plaintiffs' replevin action is in reality an action seeking a refund of federal taxes.  Because plaintiffs fail to allege that they filed an administrative claim for refund and fully paid the taxes owed, the Court lacks subject matter jurisdiction.  *See* 26 U.S.C. § 7422; *United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund).

    Alternatively, if the Court treats plaintiffs' replevin action as a tort action, the Court still lacks subject matter jurisdiction.  *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991) (Hogan).  The United States has waived its immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of their employment.  *See FDIC v. Meyer*, 510 U.S. 471 (1994).  But the FTCA also excludes jurisdiction for claims based upon an act or omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax.  *See* 28 U.S.C. § 2680.  A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency.  *See McNeil v. United States,* 508 U.S. 106 (1993); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy*, 757 F.Supp. at 67-68.  Plaintiffs do not sufficiently allege that they filed an administrative claim, thus the Court lacks subject matter jurisdiction over their replevin action.

employees from "further acting in disregard of law or regulation."2/ (Am. Compl.

Prayer for Relief at 2 & 4.)

ARGUMENT

I.

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE AMENDED COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seeks

damages. (Am. Compl. generally.) This Court does not have jurisdiction over

plaintiffs' section 7433 claim because they have failed to demonstrate that they filed a

proper administrative claim for damages with the Internal Revenue Service. The party

bringing suit must show that the United States has unequivocally waived its sovereign

immunity. *McGuire v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt*

*v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d

1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.)

provides the predicates for the United States' waiver of sovereign immunity with

respect to suits for wrongful collection actions. The Court lacks jurisdiction over

plaintiffs' claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for

damages for the unauthorized collection of taxes, taxpayers must exhaust their

---

2/ Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).
*See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

1982095.1

administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be

awarded under [7433] subsection (b) *unless the court determines that the plaintiff has*

*exhausted the administrative remedies available to such plaintiff within the Internal Revenue*

*Service*." 26 U.S.C. § 7433(d)(1) (emphasis added).

      The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The

regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in*
> *the case of negligence) or actual, direct economic damages, as*
> *defined in paragraph (b) of this section [7433] shall be sent in*
> *writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following: (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this

regulation deprives a court of jurisdiction. *See Holt v. Davidson*, --- F.Supp.2d ----, 2006

WL 2106961, * 3 (D.D.C. 2006) (Urbina); *McGuire v. United States*, 360 F.Supp.2d at 128;

*Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d

1982095.1

1375 (9th Cir. 1992).3/

Here, plaintiffs make an unsupported conclusory statement that they filed a

"Verified Administrative Claim for Damages with the Internal Revenue Service, Area

11, Area Director, Denver, 600 17th Street, Denver, CO 80202-2490."  (Am. Compl. ¶ IV.)

They did not attach a copy of the allegedly filed administrative claim.  Given the

circumstances of this case, *i.e.*, that plaintiffs did not allege in their original complaint

that they filed an administrative claim, their conclusory assertion is inadequate.

---

3/    In *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), this Court
dismissed a similar complaint for failure to state a claim holding that the failure to
exhaust administrative remedies was not a jurisdictional defect.  The United States
understands the Court to have relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006),
in reaching its conclusion.  In *Arbaugh*, the Supreme Court addressed exhaustion of
administrative remedies in the context of two private litigants in a Title VII suit, rather
than a suit involving the United States.  The United States respectfully asserts that this
difference in parties is significant.  Neither of the private litigants had any attributes of
sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the
long-recognized

> general principle that "the United States, as sovereign, 'is
> immune from suit save as it consents to be sued *** and the
> terms of its consent to be sued in any court *define that court's
> jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United
States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define
the court's jurisdiction. One of the terms of the consent under section 7433 is that the
taxpayer must have exhausted his administrative remedies. And as a term of consent to
the waiver of sovereign immunity, the requirement of administrative exhaustion is by
definition a part of the "court's jurisdiction to entertain the suit."  *Arbaugh* did not deal
with the special situation of sovereign immunity because neither party to the lawsuit
was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with
statutory schemes of relief involving materially different parties. Therefore, the United
States respectfully requests that the Court consider this difference and conclude that
section 7433's exhaustion requirement is an element of the United States' waiver of
sovereign immunity, and thus an aspect of subject matter jurisdiction.

1982095.1

Assuming *arguendo* that plaintiffs did file an administrative claim, there are still numerous problems with their amended complaint. First, because they failed to attach a copy of the claim, it is unclear as to whether they included the required information. Plaintiffs are required to provide the following information: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2); *c.f. Evans v. United States*, 443 F.Supp.2d 17, 22-23 (D.D.C. 2006) (holding 26 C.F.R. § 301.7433-1 to be a reasonable interpretation entitled to deference); *Lohmann v. United States*, 2006 WL 1826770, *3 (D.D.C. 2006) (same); *Broward v. United States*, 2006 WL 1827733, *3 (D.D.C. 2006) (same); *Ting v. United States*, 2006 WL 1774516, * 2-3 (D.D.C. 2006).

Second, although they failed to state the date they allegedly filed their administrative claim, it is clear that plaintiffs' suit is premature. Taxpayers seeking damages for alleged wrongful collection of federal taxes must file an administrative claim prior to filing suit and must wait 6 months before commencing a suit in district court, unless the Secretary issues a ruling earlier. 26 C.F.R. § 301.7433-1(d). Here, less than 6 months have elapsed since plaintiffs filed their original compliant (making clear that they had not filed an administrative claim) and their amended complaint filed in September 2006. Thus, it is clear that plaintiffs filed their administrative claim, if at all, *after* they filed suit in district court. Nor, do plaintiffs allege that the Secretary has acted on their administrative claim, thus allowing them to file suit before 6 months have

1982095.1

elapsed.

Moreover, plaintiffs' premature filing cannot be cured by the passage of time. Plaintiffs cannot file suit and then exhaust administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted ⋯ unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous. We are not free to rewrite the statutory text.").4/

Because plaintiffs failed to allege that they filed an administrative claim for damages *prior to filing suit*, the Court should dismiss the amended complaint.

## II.

### THE COURT DOES NOT HAVE JURISDICTION UNDER THE APA, 28 U.S.C. §§ 1331, THE ALL WRITS ACT, OR MANDAMUS FOR PLAINTIFFS' CLAIM FOR DAMAGES

Plaintiffs also assert jurisdiction for their damages claim under the Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, the All Writs Act and mandamus. (*See* Am. Compl. ¶¶ II.A.2.-4., C.1.-3.) None of these statutes provides jurisdiction over actions concerning the assessment and/or collection of federal taxes.

---

4/    Also, plaintiffs' failure to state when they allegedly filed their claim for refund raises another ground that the Court does not have jurisdiction over their amended complaint. It is unclear whether the statute of limitations has expired. Because taxpayers must file suit within two years of when the "cause of action accrues," the Court would lack jurisdiction if plaintiffs failed to file their complaint within the two-year limitations period. *See* 26 U.S.C. § 6511(a); 26 C.F.R. § 301.7433-1(g).

An action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *See Murphy v. Internal Revenue* Service, 460 F.3d 79, 82 (D.D.C. 2006); *Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuire v. United States*, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished). Sovereign immunity is not waived merely because the action may involve a federal question. *See, e.g., Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Section 1651 of Title 28 does not operate as a waiver of sovereign immunity. *See Benvenuti v. Dept. of Defense*, 587 F.Supp. 348 (D.D.C. 1984). Nor does 28 U.S.C. § 1361 operate as a waiver of sovereign immunity on its own.5/ *See, e.g., Washington Legal Foundation v. United States Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996) (citing other cases). Thus, the Court lacks subject matter jurisdiction and the amended complaint should be dismissed.

Plaintiffs have failed to demonstrate a waiver of sovereign immunity thereby establishing the Court's jurisdiction over their section 7433 damages claim. Therefore, the Court should dismiss the amended complaint.

---

5/ Moreover, plaintiffs fail to state a claim for which relief may be granted under 28 U.S.C. § 1361. A writ of mandamus may be issued only when plaintiffs can show: (1) a clear right to the relief sought; (2) the officer has a clear duty to do the act that the plaintiff requests; and (3) no other adequate remedy is available. *Northern States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997); *Estate of Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999). Plaintiffs clearly do not meet these requirements. For example, plaintiffs have an adequate remedy at law. They can bring suit under 26 U.S.C. § 7433 to address their allegations of wrongful collection or they can bring suit under 26 U.S.C. § 7422 to address their prayer for a return of all property. In either situation, they first need to exhaust administrative remedies.

1982095.1

III.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE FOIA OR THE PRIVACY ACT
FOR PLAINTIFFS' CLAIM FOR DAMAGES.

Plaintiffs also appear to assert that the Court has jurisdiction under the Freedom of Information Act ("FOIA") and the Privacy Act.  (*See* Am. Compl. ¶¶ II.C.1.b.2-4.)6/ The FOIA provides limited relief to plaintiffs and limited jurisdiction to courts: a Court may "enjoin the agency from withholding agency records and . . . order the production of any agency records improperly withheld from the complainant."7/  Courts have explained that the "FOIA merely provides an avenue and a remedy for an individual to seek and obtain records of an administrative agency.  It does not provide a litigant with other [...] remedies against the United States."8/ Neither the FOIA nor the Privacy Act provide for damages for alleged wrongful collection actions.

---

6/  5 U.S.C. § 552 (FOIA); 5 U.S.C. § 552a (Privacy Act).

7/  5 U.S.C. § 552(a)(4)(B); see also 5 U.S.C. § 552a(g)(3(A) (Privacy Act) ("[T]he court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him.")

8/  *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998).  This conclusion is further supported by the principle of sovereign immunity.  "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added).  In the case of FOIA and Privacy Act suits, Congress authorized suit against an *agency* and only provided for a limited form of relief.

Additionally, in a FOIA action and a Privacy Act action, the only proper defendants are federal departments and agencies.9/  Accordingly, the Court lacks personal jurisdiction over the United States and the amended complaint must be dismissed.

CONCLUSION

Because the Court lacks jurisdiction over the amended complaint, the amended complaint should be dismissed.

DATE: October 20 2006.                    Respectfully submitted,

                                          /s/ Pat S Genis
                                          PAT S. GENIS, #446244
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          Post Office Box 227
                                          Washington, DC  20044
                                          Phone/Fax:  (202) 307-6390/514-6866
                                          Email: Pat.Genis@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

---

9/  5 U.S.C. §552(f); 5 U.S.C. §552a(g)(1)(B); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citing *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.DC. 1990)).

1982095.1

<u>CERTIFICATE OF SERVICE</u>

      IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS

AMENDED COMPLAINT, supporting MEMORANDUM, and proposed ORDER were

caused to be served upon plaintiffs *pro se* on the 20th day of October, 2006, in

accordance with the Court's ECF procedures, and by depositing a copy in the United

States' mail, postage prepaid, addressed as follows:

              Boone McReynolds
              Viola McReynolds
              Plainitffs *pro se*
              246 E Wiggins Bay
              Puebelo West, CO 81007


                          /s/ Pat S. Genis
                          PAT S. GENIS, #446244

1982095.1