UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

Boone McReynolds                                    No: 1:06-cv-00924  (JR)
Viola McReynolds

                                                    RESPONSE TO MOTION
                Plaintiff(s),                       TO DISMISS

       v.

United States (Government)

                Defendant.

       The Government mischaracterizes plaintiffs' damages claim as a claim

for the wrongful collection of taxes. Plaintiff makes no such claim.

       The Government claims that dismissal of the plaintiffs' damages claim is

proper under both Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule

12(b)(6) for failure to state a claim under which relief can be granted.

       The split of authority in this district has been settled; exhaustion of administrative

remedies is not a jurisdictional prerequisite. *Martin v. United States,* (D.D.C. 1:05-cv-

02506). ("This affirmative defense is thus properly brought through a timely motion to

dismiss for failure to state a claim upon which relief can be granted.") *See Lindsey v.*

*United States,* No. 05-1765, 2006 U.S. Dist. LEXIS 58657, at *41-43 (D.D.C.) (Feb.

22,2006)(citing cases on both sides of the issue). The Court seemingly has held that



RECEIVED

NOV 6 - 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Rule 12(b)(6) is the proper basis upon which to address plaintiffs' damages claim, since failure to exhaust administrative remedies is not a jurisdictional prerequisite to bring suit but only an element of a claim. *See Arbaugh v. Y & H Corp.,* 126 S. Ct. 1235, 1245 (Feb. 22, 2006); *see also Turner v. United States,* 429 F. Supp. 2d 149, 154 (D.D.C.2006); *See Lindsey v. United States,* No. 05-1765, 2006 U.S. Dist. LEXIS 58657, at *41-43 (D.D.C.) (Feb. 22,2006) ("This affirmative defense is thus properly brought through a timely motion to dismiss for failure to state a claim upon which relief can be granted.")

The Supreme Court noted in *Arbaugh* that the principles behind Rule 12(b)(1) and Rule 12(b)6) are very different and the consequences are similarly different. 126 Ct. 1244-45. A question of subject-matter jurisdiction "involves the court's power to hear a case" and "can never be forfeited or waived." *Id* at 1244 (citation omitted). Thus it can be raised at any time by any party or by the court *sua sponte*. Whether a plaintiff has stated a claim upon which relief can be granted involves the legal basis of the claim or the relief sought, not the power of the court to hear it. A motion under Rule 12(b)(6) can be waived by failing to make it timely. *Id* at 1240.

"The word 'exhaustion' describes two distinct legal concepts"." *Avocados Plus v. Veneman,* 370 F.3rd 1243, 1247 (D.C. Cir 2004). "Non-jurisdictional exhaustion"

Response to Motion to Dismiss

is a "judicially created doctrine requiring parties who seek to challenge agency action to exhaust available administrative remedies before bringing their case to court." *Id.* "Jurisdictional exhaustion," however, occurs when Congress uses its power to control the jurisdiction of the federal courts through administrative requirements. *Id.* The presumption that an exhaustion requirement is non-jurisdictional can only be overcome by statutory language in which Congress "states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision." *Id* at 1248 (quoting *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.* 747 F. 2. D 1204, 1208 (D.C. Cir 1984) (Internal quotation marks omitted). This language must be "sweeping and direct." *Id.* At 1248 (quotine *Weinberger v. Salfi,* 442 U.S. 749, 757 (1975)) )internal quotations marks omitted)

*Arbaugh* reminded the lower courts of these distinctions and cautioned against "driveby jurisdictional rulings" that fail to recognize the differences. *Arbaugh,* 126 S. Ct. At 1242. To asist the courts, the Supreme Court enunciated a rule to be applied.

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then the courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

Response to Motion to Dismiss

*Id* at 1245 (citation omitted). Congress has plainly demonstrated its ability to write clear jurisdictional language into other sections of the Code and has chosen not to do so in §7433. For example, in 26 U.S.C. 7421(a), which states "except as provided [in various sections of the Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed," was previously found by this Circuit to "by its terms den[y] jurisdiction 'to any court' in actions to enjoin the assessment or collection of taxes." *Americans United Inc. v Walters,* 477 F 2d 1169, 1175 (D.D.C.Cir. 1973 (emphasis added); *see also Gardner v. United States,* 211 F. 3d 1305, 1311 ("The District Court must dismiss for lack of *subject matter jurisdiction* any suit that does not fall within one of the exceptions to [§7421(a)]. " (emphasis added)). In addition, 26 U.S.C. §7422(a) contains jurisdictional language, stating that "no suit or preceding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously assessed or collected ... until a claim for refund or credit has been duly filed ... according to the provisions of law in that regard."

Therefore, this Court should adhere to the cautionary instructions in *Arbaugh* and *Murita Martin v. United States,* (D.D.C. 1:05-cv-02506) that the exhaustion of administrative remedies under TABOR is non-jurisdictional. The statute is crystal clear that pre-suit

exhaustion is a requirement to the maintenance of the suit for damages, but it does not

address a district court's jurisdiction.   Congress must "clearly state" that "a threshold

limitation on a statute's scope shall count as jurisdictional," *Arbaugh,* 126 S. Ct. At 1245,

and because jurisdiction is such a fundamental concept, its absence cannot be assumed

without a definite expression of congressional intent.   Thus,TABOR is not sufficiently

definite under Arbaugh.  Therefore a motion to dismiss for lack of subject matter jurisdiction

is not available to the court and/or the defendant.

### 12(b)(6)

Rule 12(b)(6) should be employed only when the complaint does not present a legal

claim.   In the instant matter the complaint complies with the requirements of "Notice

Pleading."

The Federal Rules of Civil Procedure do not require a claimant to set out in detail

the facts upon which he bases his claim. To the contrary, all the Rules require is "a short

and plain statement of the claim" that will give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to

the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by

the liberal opportunity for discovery and the other pretrial procedures established by the

Rules to disclose more precisely the basis of both claim and defense and to define more

narrowly the disputed facts and issues. Following the simple guide of Rule 8 (f) that "all

pleadings shall be so construed as to do substantial justice," there is no doubt that

petitioners' complaint adequately sets forth a claim and gives the defendant fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. (Cf. Maty v. Grasselli Chemical Co., 303 U.S. 197); (see also, Conley V. Gibson, 355 U.S. 41 (1957), 355 U.S. 41) the ordinary rules for assessing the sufficiency of a complaint apply. See, e.g., Scheuer v. Rhodes, 416 U. S. 232, 236 (1974) (.When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case.

## AFFIRMATIVE DEFENSE MUST BE PROVEN

As recognized in Martin, "failure to state a claim" is an "affirmative defense". In order to prevail on an affirmative defense, the defense must be proven. Under the "no set of circumstances" standard, the defendant must prove that IRS is and has been willing to reconsider positions, and/or that IRS is not biased.

## CONCLUSION

Failure to exhaust administrative remedies is not a grounds upon which the court may dismiss the instant matter.

Dismissal under 12(b)(6) is premature and should be held until after discovery. As pointed out above liberal opportunity for discovery and the other pretrial procedures established by the Rules will disclose more precisely the basis of both claim and defense and will define more narrowly the disputed facts and issues. Additionally, because administrative remedies are an option, they are not a prerequisite to filing suit. Dismissal under 12(b)(6) is not an option.

Therefore, for the above reasons defendants' motion to dismiss under 12(b)(1) is ineffective and cannot be granted. For the above reasons defendants' motion to dismiss pursuant to 12(b)(6) is not only unavailable it is also untimely and cannot be granted.

Respectfully,

Dated ___NOV  01___, 2006

Boone McReynolds
246 E Wiggins Bay
Puebelo West, CO 81007

Viola McReynolds
246 E Wiggins Bay
Puebelo West, CO 81007

On the above inscribed date before the undersigned, a Notary Public for the State of Colorado, personally appeared, Boone McReynolds, Viola McReynolds known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

Notary, State of Colorado    ex 8/4/08



Page 7 of 8 Pages                    Response to Motion to Dismiss

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Pat Ginis
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _N̶O̶V̶ 0̶1̶_____, 2006

Boone McReynolds