UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BOONE MCREYNOLDS, *et al.*,      :
                                 :
        Plaintiffs,              :
                                 :
   v.                            :  Civil Action No. 06-0924 (JR)
                                 :
UNITED STATES GOVERNMENT,        :
                                 :
        Defendant.               :

**MEMORANDUM**

Pro se plaintiffs Boone and Viola McReynolds allege a series of violations by the Internal Revenue Service ("IRS") in the collection of taxes. They seek damages against the United States pursuant to 26 U.S.C. § 7433.[1] The government moves to dismiss on a number of grounds, among them failure to exhaust administrative remedies. The motion is well taken and will be granted.

The Taxpayer Bill of Rights waives the sovereign immunity of the United States with respect to taxpayer suits for damages if, "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the

---

[1] This case is one of more than seventy cases in which pro se plaintiffs have filed complaints in this Court pursuant to 26 U.S.C. § 7433, many of which have been dismissed for failure to exhaust administrative remedies. See, e.g., Gross v. United States, Civ. No. 05-1818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006). Plaintiffs' filings in this case, while not identical to those in other cases, are virtually indistinguishable from them, and presumably incited, or aided and abetted, by templates found on the Internet.

Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision . . . or any regulation" of the tax code.  26 U.S.C. § 7433(a).  However, section 7433(d)(1) further provides that a "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

       The IRS has established by regulation the procedures by which a taxpayer may pursue an administrative claim under section 7433.  See 26 C.F.R. § 301.7433-1.  The regulations require that the taxpayer write to the "Area Director, Attn: Compliance Technical Support Manager" for the area in which the taxpayer resides, id. § 301.7433-1(e)(1), and provide:

> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
> (v) The signature of the taxpayer or duly authorized representative.

d. § 301.7433-1(e).  The regulations provide that a § 7433 action for damages "may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section," 26 C.F.R. § 301.7433-1(a), and suit may not be filed until either the IRS rules on the claim or six months pass without a decision on a properly filed claim, id. § 301.7433-1(d)(i)-(ii).  The only exception is for administrative submissions made during the last six months of the two-year statute-of-limitations period; a taxpayer may file suit immediately after the administrative claim is submitted in such a circumstance – but the taxpayer must have filed administratively first, id. § 301.7433-1(d)(2).

   In their amended complaint, plaintiffs state only that they filed a "Verified Administrative Claim for Damages with the Internal Revenue Service, Area 11, Area Director, Denver, 600 17 Street, Denver, CO 80202-2490."  Am. Compl. ¶ IV.  This allegation, without more, does not satisfy the statutory exhaustion requirement, where, as here, failure to exhaust has been asserted in a motion to dismiss.  Plaintiffs have not provided a copy of their administrative claim, nor have they alleged that the Secretary has acted on their claim, nor have they indicated the date on which it was filed.  Indeed, it is unclear whether plaintiffs filed that claim prior to initiating this suit, as plaintiff's original complaint makes no mention of

it.[2]  Accordingly, because plaintiffs "have produced no evidence that they pursued, let alone exhausted, the proper administrative remedies, they cannot avoid exhaustion-based dismissal." Erwin v. United States, Civ. No. 05-1698, 2006 WL 2660296, at *12 (D.D.C. Sept. 15, 2006)(Kollar-Kotelly, J.).  See also Waller v. United States, Civ. No. 06-1112, 2006 WL 2472781, at *2 (D.D.C. July 7, 2006)(Huvelle, J.).  Accordingly, plaintiffs' damages claim must be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).[3]

---

[2] Another indication that plaintiffs may not have exhausted can be found in a series of addenda to their complaint, which appear to plead an exception to the exhaustion requirement where an agency is biased or has articulated a very clear position on an issue and has demonstrated it is unwilling to reconsider. See, e.g., Pls.' Twelfth Addendum to Compl.(attaching IRS notice of levy, presumably as evidence of bias and unwillingness to reconsider agency position).  Section 7433's exhaustion requirement does not provide for such exceptions, see, e.g., Lykens v. U.S. Government, Civ. No. 06-0226, 2006 WL 3408188, at *9-10 (D.D.C. Nov. 27, 2006)(Bates, J.), and, although a court may relieve a plaintiff of an exhaustion requirement when the requirement has been judicially created, it cannot do so where the exhaustion requirement has been mandated by Congress.  See Gross v. United States, Civ. No. 05-11818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006)(citing Turner v. United States, 429 F. Supp. 2d 149, 152 (D.D.C. 2006)).

[3] The government requests dismissal pursuant to Rule 12(b)(1), rather than 12(b)(6), arguing that plaintiffs' failure to exhaust deprives this court of subject matter jurisdiction. Section 7433's exhaustion requirement is nonjurisdictional, however.  See Gross v. United States, Civ. No. 05-11818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006).  See also Lindsey v. United States, 448 F.Supp.2d 37 (D.D.C. 2006)(Walton, J.)); Turner v. United States, 429 F. Supp. 2d 149 (D.D.C. 2006)(Bates, J.); Ross v. United States, 460 F.Supp.2d 139, 145 (D.D.C. 2006)(Bates, J.)(reconsidering and reaffirming the rule in Turner that section 7433's exhaustion requirement is nonjurisdictional.)  Thus,

Plaintiffs have attempted to salvage their damages claim by asserting jurisdiction under the Administrative Procedures Act, the All Writs Act, the Freedom of Information Act (FOIA), the Privacy Act, and mandamus. See Am. Compl. ¶¶ II.A.2.-4., II.C.1.b.2-4. Section 7433, which contains an exclusivity provision, precludes those claims. See, e.g., Ross v. United States, 460 F.Supp.2d 139, 148 (D.D.C. 2006)("[B]ased on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under the APA, the All Writs Act, the Mandamus Act, FOIA, the Privacy Act. . . ."). See also Maki v. United States, Civ. No. 06-1564, 2006 WL 3791377, *5 (D.D.C. Dec. 22, 2006)(same).[4]

---

although the government has moved to dismiss for lack of subject matter jurisdiction, I will dismiss this case *sua sponte* for failure to state a claim upon which relief can be granted. See Jaeger v. United States, Civ. No. 06-625, 2006 WL 1518938, *1 (D.D.C. May 26, 2006) (Bates, J.). Plaintiff's contention that Rule 12(b)(6) is an "affirmative defense" is plainly incorrect. Fed. R. Civ. P. 8(c).

[4]In addition to damages, plaintiffs request "replevin of any and all property taken...without complete due process of tax law," and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation." Am. Compl. at 20. I agree with Judge Bates' view that the Court lacks subject matter jurisdiction over either of those claims. See Ross v. United States, 460 F.Supp.2d 139, 145 (D.D.C. 2006); Lykens v. U.S. Government, Civ. No. 06-1226, 2006 WL 3408188 (D.D.C. Nov. 27, 2006). Accordingly, they will be dismissed. Fed. R. Civ. P. 12(b)(1).

For the foregoing reasons, defendant's motion to dismiss will be granted. An appropriate order accompanies this memorandum.


                              JAMES ROBERTSON
                        United States District Judge